**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SALAN WILSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CIV-05-1137-R |
| | ) |
| EDWARD L. EVANS, | ) |
| | ) |
|     Respondent. | ) |

## O R D E R

    Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered January 25, 2006 and Petitioner's Objection to the Report and Recommendation filed February 17, 2006. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection. The Court does not understand the basis for Petitioner's Objection. Petitioner seems to be asserting that the applicable statute of limitations is 28 U.S.C. § 2244(d)(1)(B) because Petitioner did not have conflict-free representation on his certiorari appeal, the State having appointed him the same counsel for that appeal who had counseled him to plead nolo contendere or, alternatively, that the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) should be equitably tolled for that reason.

    The fact that Petitioner was represented by the same counsel in his certiorari appeal in the Oklahoma Court of Criminal Appeals who represented Petitioner when he entered his *nolo* plea in no way posed an impediment to Petitioner's filing an application or petition for a writ of habeas corpus herein. Certainly, Petitioner has not shown that that was the case.

Hence, 28 U.S.C. § 2244(d)(1)(B) is inapplicable herein. Nor is that fact a basis for equitable tolling of the time to file a federal habeas petition. It is not an extraordinary circumstance beyond Petitioner's control that prevented Petitioner from timely filing his petition herein. *See generally Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Having reviewed the Report and Recommendation of the Magistrate Judge *de novo*, the Court fully concurs in the findings and conclusions of the Magistrate Judge and ADOPTS the Report and Recommendation in its entirety. Respondent's motion to dismiss is GRANTED and the petition of Salan Wilson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as untimely.

**IT IS SO ORDERED this 23rd day of February, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE